28 So.2d 713

### COBB v. STATE.

### 3 Div. 462.

Supreme Court of Alabama.

Jan. 16, 1947.

John A. Sankey, of Montgomery, for appellant.

William N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

GARDNER, Chief Justice.

The appeal is from a judgment of conviction for murder in the first degree with infliction of the death penalty.

The evidence for the State tends to show that defendant, with a pistol, shot his wife in the region of the heart, from which wound she died within a brief period of time, and that the offense was committed under circumstances amply justifying a conviction for first-degree murder. Defendant insists the pistol was fired accidentally in a struggle with one Clarence Hooks, all of which was emphatically denied by said Hooks.

There is presented no occasion for further detail.

The only matter argued by counsel for defendant has reference to some statement of the solicitor in argument as to the possibility of a pardon or parole in case of verdict for life imprisonment. Though the record gives rather scant information, yet we gather the argument was made in an appeal for the infliction of the death penalty. Upon objection being interposed the solicitor withdrew the remark, and the trial judge in denying a motion for a mistrial instructed the jury in effect that they had no concern with what other officials may do, saying: "It is your duty to do your duty, and render a true verdict on the facts in this case." As observed in Pilley v. State, 247 Ala. 523, 25 So.2d 57, our more recent decisions disapprove an argument of the character above outlined. But the opinion in the Pilley case also suffices to show that any evil effects, if any, in the instant case, were eradicated by the withdrawal of the remark and the instruction of the court to the jury as above outlined.

The argued question, therefore, presents no error to reverse. Mindful of our duty in cases of this character, the record has been examined with care and we find no reversible error.

It follows, therefore, that the judgment of conviction is due to be and is hereby affirmed.

Affirmed.

All the Justices concur.