150 So.2d 710

Charles **EDWARDS**

v.

**STATE of Alabama.**

7 Div. 594.

Supreme Court of Alabama.

Feb. 28, 1963.

See also ante, p. 561, 150 So.2d 709.

Charles Edwards, pro se.

MacDonald Gallion, Atty. Gen., and Ed Brogden, Sp. Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment denying an application for a writ of error coram nobis after a hearing.

The defendant was tried and convicted of the offense of first degree murder and was sentenced to life imprisonment in the penitentiary on April 27, 1957. No motion for a new trial was made and no appeal was taken to this court. The defendant was represented by four able attorneys on his trial.

The application for writ of error coram nobis was filed July 11, 1962, and after a motion to dismiss the application was over-ruled, the cause was set for hearing on October 10, and two qualified attorneys were appointed as counsel to represent defendant, one of whom had represented him at his trial. The court also ordered that defendant be brought to Columbiana on September 27, in order that he might prepare his case.

**570**

■ A part of the court's order denying the application reads:

"On this hearing only testimony was submitted to the court by witnesses who testified at the main trial of this case. No facts were brought to the knowledge of the Court, which were not previously known, nor in the trial of this case which would have prevented the rendition of the judgment as rendered in the case—no facts were presented such as would have prevented a conviction on the trial of the case.

"It is, therefore, the judgment of the Court that the application for writ of error coram nobis is not well taken."

There is nothing in the record before us which even slightly indicates that the judgment of the lower court was not correct.

■ Substantial error is not presumed, but the burden is upon the appellant to show error. Kabase v. State, 244 Ala. 182, 12 So.2d 766; McCall v. State, 262 Ala. 414, 79 So.2d 51; Fuller v. State, 269 Ala. 312, 113 So.2d 153; Cook v. State, 269 Ala. 646, 115 So.2d 101.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.