152 So.2d 136

**William Burns PEADEN**

v.

**STATE of Alabama.**

**1 Div. 126.**

Supreme Court of Alabama.

April 11, 1963.

William Burns Peaden, pro se.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment denying an application for a writ of error coram nobis after hearing.

The defendant was tried and convicted of the offense of first degree murder and was sentenced to life imprisonment in the penitentiary on September 22, 1956. No motion for a new trial was made and there was no appeal to this court.

The petition for writ of error coram nobis was filed in November, 1962, and the solicitor filed a motion to dismiss. The cause was heard in December, 1962, and the application was denied.

Petitioner asserts as error that he was denied adequate counsel. The record before us shows that qualified counsel of petitioner's own choice represented him on

his trial and a court appointed attorney represented him at his hearing in December, 1962.

The next charge is that the court accepted hearsay testimony. That this charge is frivolous is shown by petitioner's sole argument—that his father was allowed to testify that he heard petitioner's voice before the shooting but could not distinguish a single word that he said.

The third charge is that petitioner was denied the right to testify. The record does not support this charge.

The fourth charge—failure to furnish a transcript is, according to petitioner —"OUT." We take that to mean he no longer insists on it.

The fifth charge is the trial court refused to grant a continuance of his trial as requested by his counsel. The matter of continuance in a criminal case is addressed to the trial court's sound discretion, the exercise of which will not be disturbed unless clearly abused. Aaron v. State, 271 Ala. 70, 122 So.2d 360; Cook v. State, 269 Ala. 646, 115 So.2d 101; Walker v. State, 265 Ala. 233, 90 So.2d 221. No abuse of discretion is shown in the record before us.

The last contention is that "the court sent fourth an incorrect judgment entered that is not regular on its face." The judgment is regular on its face, is correct and the lower court included a copy of the judgment in the decree denying the petition.

The judgment of the trial court is due to be affirmed because there is nothing in the record before us which even slightly indicates that the judgment is not correct. Edwards v. State, 274 Ala. 569, 150 So.2d 710.

Affirmed.

.LIVINGSTON, C. J.; and SIMPSON and HARWOOD, JJ., concur.