184 So.2d 628

**Allen DIVINE**

v.

**STATE of Alabama.**

4 Div. 217.

Supreme Court of Alabama.

March 10, 1966.

Rehearing Denied April 7, 1966.

B. B. Rowe, Enterprise, and. Robt. E. Cannon, Elba, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

COLEMAN, Justice.

From conviction and sentence of death for murder in the first degree, defendant appeals. We affirm.

Briefly, the evidence indicates that on the day of the killing, a paper denominated, on its "BACK," a "Peace Warrant," had been issued by a justice of the peace. The paper recites that any lawful officer of Coffee County is commanded to arrest defendant and bring him before the justice of the peace who issued the paper. A police officer, in execution of the command, went with defendant's father and a deputy sheriff in an automobile to the house where defendant lived with his father. When the police officer got out of the automobile and walked four or five or six feet toward the house, defendant shot the police officer with a shotgun, whereof he died.

As enjoined by statute, we have carefully examined record and transcript. § 389, Title 15, Code 1940; Act No. 249, approved June 24, 1943, 1943 Acts, page 217; §§ 382 (1)–382(13), Title 15, 1958 Recompilation Code 1940. This examination indicates that appellant's counsel have argued in brief all points that should be considered and discussion will be directed to those points.

Defendant argues that the court erred in overruling his motion for change of venue. Defendant says the court abused its discretion in this ruling because of widespread publicity given to the killing and because steps had been taken and publicized to establish a "Memorial Fund" for the slain officer.

On hearing of motion for change of venue, the owner of a local radio station testified that everything he had heard inclined to say that defendant was guilty; that, at the present time, the witness did not hear any expression of ill will toward defendant; that, to the knowledge of witness, there was no feeling about the case in town at the time of the hearing; and that witness, being lately come to Coffee County, did not feel qualified to say whether defendant could get a fair trial in the Elba Division of that county.

The business manager of the local paper testified that he believed defendant would receive a fair trial in Coffee County. In addition to the testimony of these two witnesses, defendant offered as exhibits, certain newspaper articles describing the

shooting, the "Memorial Fund," and the funeral. As we understand the record, no other evidence was offered at the hearing on the motion.

■ On motion for change of venue in a criminal case, defendant has the burden of showing to the reasonable satisfaction of the court that a fair and impartial trial cannot be had and an unbiased verdict cannot reasonably be expected. Denton v. State, 263 Ala. 311, 82 So.2d 406; Campbell v. State, 257 Ala. 322, 58 So.2d 623; Maund v. State, 254 Ala. 452, 48 So.2d 553; Tiner v. State, 271 Ala. 254, 122 So.2d 738.

■ We are of opinion that defendant did not support the burden of proving his motion and that change of venue was denied without error.

■ On behalf of defendant, his attorneys filed a petition praying that the trial judge "institute a careful investigation, call a responsible physician and other creditable witnesses," and, if deemed necessary, a jury; and, if upon such investigation the judge have reasonable grounds to believe that defendant was insane at the time of the offense, or is presently insane, that the judge place defendant in custody of the Superintendent of Alabama State Hospital for examination by a lunacy commission. See §§ 425, 428, Title 15, Code 1940.

The court appointed two practicing physicians of Elba to examine defendant and set a day for hearing the petition. Dr. Kimmey testified, among other things, that, in his opinion, defendant was not suffering from a disease of the mind and that, to the witness, from his contact with defendant, he "seems perfectly sound of mind and sane." Dr. Cooper testified that he had seen defendant for the first time on the morning of the hearing, and that "on interview this morning," the witness would say defendant "is sane."

The court denied defendant's petition that he be committed to the insane hospital for observation and examination and defendant says the court abused its discretion in denying the petition.

■ The court is under no duty to appoint a lunacy commission or to procure a report of the Superintendent of the Alabama State Hospital under § 425, Title 15, Code 1940. The court has simply the right to seek these aids for advisory purposes when the court, in its discretion, thinks such aids will be helpful. Lokos v. State, 278 Ala. 586, 179 So.2d 714, 718, and authorities there cited.

Reversible error is not shown in the ruling denying defendant's petition for examination as to his sanity.

Defendant argues that the court erred in refusing to grant him a continuance on the ground that a material witness, defendant's sister, was ill and not available to testify at the trial on the indictment. The court admitted a showing as to what the witness would testify. She was not a witness to the shooting. Her testimony was with respect to defendant's sanity.

■ The matter of continuance in a criminal case is addressed to the trial court's sound discretion, the exercise of which will not be disturbed unless clearly abused. Peaden v. State, 275 Ala. 72, 152 So.2d 136.

■ The testimony of the absent witness, according to the showing, is largely cumulative as to defendant's life and behavior. We are of opinion that the court did not err to reversal in denying continuance on account of the absent witness.

■ During the solicitor's argument to the jury, he said:

"He needs electrocuting for doing this. And that is what we are asking you to do. Get him out of the way. Don't put him up there now where some some sob sister is going to come along and send him back down here to you. Get him out of the way."

Defendant objected. The court sustained the objection and said:

". . . . Gentlemen of the jury, you will not consider that. It is not before you. It is excluded and you will not consider it. Do not consider anything that the Court excludes."

Defendant insists that the solicitor used the word "politician" instead of the words "sob sister," but, in either event, the argument was "highly improper." Eaton v. State, 278 Ala. 224, 177 So.2d 444, 447.

The recent decisions of this court, however, hold that the evil effect of such argument is eradicated when the court sustains the objection and instructs the jury to disregard the improper argument. Cobb v. State, 248 Ala. 548, 28 So.2d 713; Eaton v. State, supra. The court having so instructed the jury in the instant case, the solicitor's making the improper argument is not ground for reversal according to the decisions of this court.

We are not persuaded that error to reverse appears in the record before us in this case.

Affirmed.

All the Justices concur.