Jimmy **ZACHERY**, Petitioner,

v.

Warden **N. L. HALE**, Atmore State
Prison Farm, Atmore, Alabama,
Respondent.

Civ. A. No. 2657–N.

United States District Court

M. D. Alabama, N. D.

July 1, 1968.

Thomas W. Thagard, Jr., of Goodwyn,
Smith & Bowman, Montgomery, Ala.,
for petitioner.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen. of Alabama, Montgomery Ala., for respondent.

JOHNSON, Chief Judge.

## ORDER

The petitioner, Jimmy Zachery, on or about February 26, 1968, filed with the Clerk of the United States District Court for the Southern District of Alabama his application for the writ of habeas corpus. By authority of Public Law 89–590, approved September 19, 1966, amending Title 28, § 2241, United States Code, this application for the writ was transferred to this district for a hearing and determination. On the transfer of this writ, this Court by order made and entered in this case on March 20, 1968, directed that the petition for the writ of habeas corpus be filed without the prepayment of fees and costs and further directed that Warden N. L. Hale, Atmore State Prison Farm, appear in this cause on or before April 20, 1968, and show cause, if any there be, why this Court should not issue the writ of habeas corpus as sought by petitioner Zachery. As directed. the Atmore State Prison Farm warden, through the Attorney General of the State of Alabama, on April 19, 1968, filed his return and answer to petitioner Zachery's application for the writ. As a part of the return and answer filed on behalf of the warden, there was submitted a motion to dismiss. This Court by formal order on May 14, 1968, denied the motion to dismiss and set the cause for a pretrial hearing to be held pursuant to Rule 16, Federal Rules of Civil Procedure. At the same time, this Court ordered the Honorable Thomas W. Thagard, Jr., attorney-at-law, Montgomery, Alabama, to represent Jimmy Zachery upon this proceeding.

As directed, the case came on for a pretrial hearing. As a result of the pretrial hearing, this Court on June 6, 1968, found and determined, upon consideration of the pleadings and statements made to the Court, that petitioner Zachery had exhausted the remedies available to him in the courts of the State of Alabama as required by Title 28, § 2254, United States Code, and was therefore entitled to a hearing in this court on the merits of his case. It was stipulated and agreed by and between the parties that the inquiry to be conducted by this Court upon Zachery's alleging that his present incarceration by the State of Alabama is in violation of his constitutional rights—said incarceration being by virtue of a judgment entered by the Circuit Court of Lee County, Alabama, on the 29th day of May, 1961, wherein Zachery was adjudged guilty of first degree murder and was sentenced to a term of life imprisonment —would be upon the following issues:

1. Whether the plea of guilty entered by Zachery on May 29, 1961, upon which the judgment and conviction were pronounced, was voluntarily and intelligently entered;

2. Whether the State of Alabama violated Zachery's rights by its failure and refusal to make an inquiry into Zachery's sanity as required by Title 15, § 428, Code of Alabama;

3. Whether the State of Alabama violated Zachery's constitutional rights by its failure and refusal to hold a hearing to inquire into Zachery's sanity as required by Title 15, § 426, Code of Alabama, prior to the trial of his case;

4. Whether Zachery's constitutional rights were violated by prolonged and repeated interrogation by investigative authorities of the State of Alabama, which interrogation resulted in a confession;

5. Whether the State failed to provide a forum that would enable Zachery to get a fair jury and a fair trial. In this connection, it is alleged that the denial of Zachery's motion for change of venue had the effect of depriving him of a fair trial; and

6. Whether the totality of the circumstances involved in his arrest, in-

vestigation, and prosecution deprived Zachery of due process.

As to these issues, this cause is now submitted upon the evidence, consisting of the oral testimony, a written stipulation of the parties, and several exhibits. Upon this submission this Court finds that Jimmy Zachery, a Negro, was born April 11, 1945, and that he was 16 years of age at the time of his arrest and conviction in the Circuit Court of Lee County, Alabama. The crime to which the petitioner entered a plea of guilty was committed on May 17, 1961; Zachery was arrested on May 18, 1961, and while incarcerated in Opelika, Alabama, signed on May 19, 1961, a typewritten complete confession to the crime. Zachery was indicted for first degree murder and arraigned on May 23, 1961; at that time his trial was set for May 29, 1961. During the period from his arrest on May 18, 1961, and his confession the following day, petitioner was held by the State of Alabama authorities without the privilege of visitors and without any notification to his kin as to his whereabouts. It is stipulated that Zachery "was held incommunicado." Zachery, who at that time had the equivalent of a third-grade education, was barely able to write his name; he could not read. There is no evidence indicating that Zachery was advised of any of his rights prior to or during interrogation by the State authorities. To the contrary, the evidence indicates rather clearly that Zachery did not, prior to the time he signed the typewritten confession, realize the seriousness of the charge, his right to counsel, his right to remain silent and that whatever he said could be used against him in a court of law.

The typewritten prelude to the confession was not read by Zachery since he could not read; it was, according to the uncontradicted evidence, not read to him. Thus it means nothing on the question of whether Zachery understood his rights. Counsel was appointed to represent Zachery when he appeared in court for arraignment on May 23, 1961. After investigating the case, the court-appointed counsel, the Honorable Hoyt W. Hill and the Honorable James K. Hagood, Jr., filed written motions to transfer Zachery's case to the Juvenile Court, for a change of venue, for a continuance, and for an examination of petitioner's mental condition. On May 29, 1961, Zachery's counsel made a further motion for a continuance in order that a sanity inquisition might be conducted. On May 29, 1961, in open court, the State circuit judge overruled all these motions, and at that time, acting upon advice of counsel, Zachery withdrew his pleas of not guilty and not guilty by reason of insanity and changed his plea to guilty; whereupon, the Court empaneled a jury, which heard evidence, found petitioner guilty of first degree murder, and fixed his sentence at life imprisonment.

■ It is basic in our law that there is imposed upon law enforcement officers very high standards when exacting confessions from youthful offenders like petitioner Zachery. The Supreme Court of the United States in Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962), reversed a conviction based upon a confession under circumstances very similar to those in this case. This principle has been reemphasized in several other cases. In Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L.Ed. 224, the Supreme Court reversed a conviction of a 15-year-old boy for murder where the conviction was based upon admissions and confessions and, in doing so, stated that where admissions and confessions of juveniles are obtained by law enforcement officers the Court should give them "special caution." In the *Haley* case, the Supreme Court wrote:

"What transpired would make us pause for careful inquiry if a mature man were involved. And when, as here, a mere child—an easy victim of the law—is before us, special care in scrutinizing the record must be used. Age 15 is a tender and difficult age for a boy of any race. He cannot be judged by the more exacting standards of maturity. That which would

**240**

leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens. This is the period of greatest instability which the crisis of adolescence produces."

Mr. Justice Fortas in writing the opinion for the Supreme Court in In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L. Ed.2d 527 (1966), discussed at length the careful scrutiny courts must give to confessions or admissions where juvenile defendants are involved.

 Considering all the attendant facts and circumstances in this case, this Court is led to the firm conclusion that the confession given by Zachery to the State authorities on May 19, 1961, was not voluntary. While there is no credible evidence that violence or the threat of violence was used by the authorities in order to obtain Zachery's confession, the evidence is more than convincing that the totality of the circumstances— the officers' conduct in interrogating Zachery while they held him in custody and while his family and friends were not permitted to visit him or even know of his whereabouts, Zachery's age, race, lack of education and the other circumstances herein related—had the effect of overbearing Zachery's will and resulted in his involuntary confession to the authorities. The determination by this Court of the involuntariness of Zachery's confession upon the facts as now presented is not based upon either the doctrine of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), or Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), since those cases were decided subsequent to Zachery's conviction and are not retroactive, Johnson et al. v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). However, the nonretroactivity of *Escobedo* and *Miranda* does not affect the Court's duty to consider the voluntariness of statements and confessions under the standards of voluntariness which were basic in our law long before *Miranda* and *Escobedo*. It is always the Court's duty to consider all the attend-

ant facts surrounding the confession and to make an independent determination of the ultimate issue of voluntariness. Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895; Culombe v. Connecticut, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513, and Gallegos v. State of Colorado, supra.

 The involuntariness of the confession is significant, even though Zachery upon the advice of his counsel withdrew his pleas of not guilty and not guilty by reason of insanity and on May 29, 1961, entered a plea of guilty, since one of Zachery's court-appointed counsel, the Honorable Hoyt W. Hill, testified before this court that the obtaining of the confession from Zachery was a factor that entered into his recommending to Zachery that he plead guilty. Therefore, we have one of Zachery's court-appointed counsel, as he was forced to do under the circumstances, give some consideration and weight to an illegal confession in recommending to Zachery that he enter a plea of guilty to the first degree murder charge. Thus it is readily apparent that the plea of guilty that Zachery entered in the Circuit Court of Lee County, Alabama, on May 29, 1961, was not voluntary; to the contrary, it was in part forced by reason of the illegal confession that had been extracted from him by the authorities on May 19, 1961.

There is another aspect to the question concerning the voluntariness of Zachery's plea of guilty on May 29, 1961, and that relates to the failure and refusal of the State trial court to make an inquiry into Zachery's sanity within the meaning of Title 15, § 428, Code of Alabama, and the refusal of the trial court to hold a hearing for the purpose of inquiring into Zachery's sanity as required by Title 15, § 426, Code of Alabama, prior to the trial of his case. On this point counsel for Zachery filed a written motion with the State trial judge alleging that Zachery appeared to

be mentally disturbed and that, in their judgment, there was reasonable ground to believe that he was insane either at the time of the commission of the alleged offense or that he was insane at that time. This motion was filed shortly before the trial and, as stated earlier in this opinion, was denied by the Court on May 29, 1961, shortly prior to the time Zachery changed his plea to guilty. In support of this petition asking that Zachery's sanity be inquired into, counsel for Zachery attached certificates from Dr. Robert E. Bills and Dr. William E. Fann. Dr. Bills, Head Professor of Psychology at Auburn University, Auburn, Alabama, certified in support of the motion made on Zachery's behalf that he examined Zachery on May 27, 1961—two days before the trial was scheduled—and that:

> "As a result of these examinations I found the defendant to be somewhat disoriented in time and without a full realization of the seriousness (for his own impending fate) of the crime with which he is charged. The examination leads me to the tentative conclusion that the defendant is functioning at the level of mentality of a 10 or 11 year old child. A full personality assessment could not be made because of the basic lack of intelligence which appears to be present. A fuller and deeper psychological examination appears warranted on the basis of the preliminary findings before adequate conclusions can be reached. A complete psychiatric examination is recommended."

Dr. William E. Fann, a practicing physician in the community of Auburn-Opelika, Alabama, certified to the Court, in support of the motion counsel made asking that Zachery's sanity and competency be inquired into prior to his trial, that:

> "On 5–28–61, I found him undergoing, what is thought by me to be, an acute disociative reaction. I could elicit no delusion affect or any frankly psychotic symptoms. I feel that this

man should be examined by a trained psychiatrist because of this man (Jimmy Zachery) having some chronic mental disturbance."

Also attached to the motion asking that Zachery's mental status be inquired into was an affidavit of the court-appointed counsel; to the extent pertinent, that affidavit reflected:

> "At times the defendant has appeared completely withdrawn and he does not seem to appreciate his impending fate in connection with the crime for which he is charged."

A letter dated May 25, 1961, written by the superintendent of the Alabama Industrial School for Negro Children, Mt. Meigs, Alabama, to the Department of Public Safety, Opelika, Alabama, was also a part of the showing in support of this motion. In that letter, the superintendent of the Mt. Meigs, Alabama, institution (a part of the State of Alabama penal system) wrote:

> "Jimmy's progress at this school was at best, very marginal. While he did not give a great deal of serious trouble he never made any real effort to adjust. Our record shows that he escaped ten times. This does not include the many times he attempted to escape, but was apprehended before leaving the campus.

> "Arrangements were made to have Jimmy examined by the psychologist from the Mental Hygiene Clinic, but it seems that Jimmy was always away when the psychologist was on the campus."

The law in this country is clear that a prisoner is entitled, upon making a sufficient showing, to have a determination made as to his competence to stand trial prior to the time he is required to go to trial and that in the absence of such determination he cannot be constitutionally tried and convicted. Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1965). Lee v. State of Alabama, 386 F.2d 97 (1967).

Section 426, Title 15, 1940 Code of Alabama, provides:

"If any person charged with any felony be held in confinement under indictment, and the trial court shall have reasonable grounds to doubt his sanity, the trial of such person for such offense shall be suspended until the jury shall inquire into the fact of such sanity, * * *"

The United States Court of Appeals for the Fifth Circuit in Lee v. State of Alabama, supra, in discussing the use of this section, stated:

"Of course, it takes no supreme wisdom to appreciate the value to an accused person to have a jury assessing his mental competency to stand trial, empanelled for that purpose alone, as contrasted with having the same jury that hears all of the evidence against him as a defendant in a criminal case itself appraise his present sanity. The Alabama laws clearly contemplate the more humane method of having the question of mental capacity to stand trial ascertained. It is clear from the language quoted * * * that there is to be a separate trial of sanity from the 'trial in chief' * * *"

■ There was more than a sufficient showing made in support of the motion that counsel failed to have Zachery's sanity determined before he was placed on trial. The refusal of the State trial judge to conduct such a hearing violated Zachery's constitutional rights of due process. On this point counsel for Zachery testified before this court that the denial by the State trial judge of his motion to have Zachery's sanity determined forced him into a premature decision—without possession of facts that he considered material and essential, that is, facts relating to Zachery's sanity and mental competency—to enter a plea of guilty on Zachery's behalf or to recommend to Zachery that he enter a plea of guilty to the first degree murder charge.

■ Thus this Court is led to the inevitable conclusion that the plea of guilty entered by Zachery in the State court on May 29, 1961, was further contaminated in that Zachery and his counsel were forced to enter a plea of guilty or make a decision concerning the entering of a plea of guilty without possession of facts to which they were clearly entitled under the law of Alabama; that is, facts relating to Zachery's mental condition. Just as a conviction and sentence cannot be predicated upon a plea of guilty which resulted from an earlier confession exacted under circumstances that render it involuntary, Bell v. State of Alabama, 367 F.2d 243 (5th Cir. 1966), a plea of guilty cannot be predicated, even in part, upon a denial by the state trial judge of a request that sanity be determined when a good and sufficient showing has been made that such an inquiry should be conducted prior to the time the criminal prosecution proceeds. Pate v. Robinson, supra.

■ This Court does not consider it necessary or even appropriate to discuss the other contentions that Zachery makes in this case. It is more than sufficient to require Zachery's discharge from the judgment and commitment of the Circuit Court of Lee County, Alabama, made and entered on May 29, 1961, when it is considered that (1) the confession obtained from Zachery by the State authorities—which confession was given consideration and weight by Zachery's counsel in recommending a plea of guilty—was illegally obtained; (2) the State trial judge denied the motion filed upon Zachery's behalf by his court-appointed counsel to have his sanity determined as provided by Title 15, § 426, Code of Alabama; and, (3) for the reasons aforestated, Zachery's plea of guilty was not voluntarily and intelligently entered.

It is appropriate to emphasize in this case that the constitutional principles, the application of which to the facts in this case makes it necessary to order Zachery's release from the judgment and commitment of the Circuit Court of Lee County, Alabama, are not novel or new;

they have been declared upon many occasions and are basic in our jurisprudence. The order to be entered in this case directing Zachery's release from his present incarceration will not preclude the State of Alabama—if its prosecuting officials determine it is appropriate—from reprosecuting Zachery for the serious crime for which he was convicted. If the State elects to prosecute Zachery again for the commission of this crime, there is no reason why it cannot do so in accordance with these basic constitutional principles guaranteed to every citizen in this country. If prosecution is reinstigated and conducted in a legal manner, and Zachery is again determined to be guilty of this crime, then he should be appropriately punished; nothing said or ordered herein is to the contrary.

Accordingly, it is the ORDER, JUDGMENT and DECREE of this Court that the judgment of guilty and the sentence pronounced thereon in the Circuit Court of Lee County, Alabama, in State court case No. 4056 on May 29, 1961, be and the same is hereby declared void and invalid. It is the further ORDER, JUDGMENT and DECREE of this Court that Zachery's present incarceration, based upon the judgment and sentence pronounced in State court case No. 4056 on May 29, 1961, is in violation of his constitutional rights.

It is further ORDERED that Jimmy Zachery be discharged from the custody of the State of Alabama and from the custody of Warden N. L. Hale, Atmore State Prison Farm, and from the custody of any other officers, employees or agents of the State of Alabama, which custody is pursuant to the conviction and judgment of the Circuit Court of Lee County, Alabama, which was pronounced May 29, 1961. It is ORDERED that Zachery's discharge from said custody be not later than 10 a. m., July 20, 1968.

It is ORDERED that the costs incurred in this proceeding be and they are hereby taxed against the respondent, for which execution may issue.