279 So.2d 570

**Leslie E. WILLIAMS**

v.

**STATE.**

**7 Div. 227.**

Court of Criminal Appeals of Alabama.

June 12, 1973.

Bill Thompson, Talladega, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant appeals from a denial of a petition for writ of error coram nobis in which he sought to overturn a conviction of burglary in the second degree on May 10, 1967, and a six year term in the penitentiary. His conviction was appealed to the Court of Appeals and affirmed. Williams v. State, 44 Ala.App. 443, 212 So.2d 687, certiorari denied, 282 Ala. 728, 212 So.2d 689. Review was sought in the Supreme Court of the United States and denied, 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed. 2d 807.

While petitioner's case was pending on appeal, and while on bond, he committed a bank burglary in Mississippi. For this crime, he was tried and convicted in a United States District Court and sentenced to ten years. He was serving this ten year sentence when he filed the instant petition for coram nobis relief. In order to accord him a speedy hearing, the district attorney filed an application for a Writ of Habeas Corpus ad Prosequendum. The trial judge granted the writ, set the hearing for November 1, 1972, and two U. S. marshals brought petitioner from Atlanta, Georgia, to Talladega, Alabama, at Alabama's expense, where a full hearing was had and where he was represented by a court-appointed lawyer who also represents him on this appeal. This representation was, and is, full, able, diligent and competent.

Petitioner has a long string of convictions, burglary being his favorite crime. He owes the State of Alabama six years servitude and, understandably, he is a little upset about this. In order to be relieved from paying society's debt, he attacks his 1967 conviction on the following grounds: (1) his arrest was illegal, (2) perjured testimony was knowingly used in his trial, (3) he was denied a preliminary hearing, (4) he was represented by incompetent counsel, and (5) he was discriminated against in the sentencing process. He miserably failed to prove either ground.

The order and judgment of the court below follows:

"This cause coming on to be heard upon the petition of Leslie E. Williams, for Writ of Error Coram Nobis, and upon answer of the State, was heard on November 1, and 2, 1972, and taken under advisement, with counsel being allowed

additional time to file either briefs or citations of authority. The Court now having duly considered all of the evidence presented at the said hearing together with authorities cited, finds as follows:

"That Petitioner was tried by a jury and found guilty on the 10th day of May, 1967, for the offense of Burglary in the Second Degree, and was, on the 11th day of May, 1967, sentenced by the Court to a term of six years imprisonment in the state penitentiary. The Defendant gave notice of appeal, sentence was suspended, and Defendant was released on appeal bond. The case, affirmed on May 21, 1968, and rehearing denied on June 28, 1968, is reported as Leslie Edward Williams v. State, 44 Ala.App. 443, 212 So. 2d 687. The Defendant did not surrender within the fifteen days as required by law, as, in the interim pending appeal, he was tried, convicted, sentenced and committed to the Federal penitentiary in Atlanta, Georgia for an offense committed against the United States Government, where he remains until this date. The Defendant filed the petition herein on May 19, 1972, and same was set for hearing on the motion of the State for November 1, 1972. That on October 13, 1972, the Court on petition of the State issued a Writ of Habeas Corpus ad Prosequendum to secure the presence of the Petitioner at said hearing, and likewise on said date appointed counsel to represent and assist Petitioner at said hearing. The Petitioner was produced, accompanied by Federal Marshalls, and the hearing was held as above noted.

"That the petition and answer thereto raised the following issues by which Petitioner sought to void, or, in the alternative, reduce the sentence heretofore imposed by the Court: that his arrest was illegal, that false or perjured testimony was presented by the State to procure his conviction, that he was denied effective assistance of counsel, that he was coerced into waiving his preliminary hearing, and that the punishment imposed was unequal to that imposed on his Co-Defendants.

"In regard to the Defendant's arrest; the charge was a felony, the record on the original trial, as well as the record before the Court on the Motion to Suppress, was replete with evidence of reasonable or probable cause to arrest the Defendant without a warrant as provided by Title 15, Section 154 of the Code of Alabama.

"In regard to the use of false or perjured testimony by the State, the evidence presented by the Petitioner on this hearing was entirely insufficient and lacking to prove these allegations, and, in fact, substantiated the proof on the original trial that such evidence was true.

"In regard to effective assistance of counsel; the Defendant, or his family, employed the attorney, the Honorable Arthur Parker of Birmingham, a noted attorney in the field of criminal law, who devotes about ninety per cent of his time to the practice of criminal law. He is and was both a capable and experienced attorney and used every apparent legal means in his command to defend the Petitioner and protect his constitutional rights. The constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. It is only in instances in which resulting from the sub standard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the ground that the accused was deprived of his constitutional right to effective assistance of counsel. Frand v. United States, 10 Cir., 301 F.2d 102. Certainly this was not the circumstances in Petitioner's case. He was ably represented on both the trial and appeal of his case.

"In regard to being coerced into waiving his preliminary hearing; again, the evidence does not support the allegation. Petitioner's own testimony was to the effect that he had hired Parker as his lawyer and wanted him to advise him on what to do. His attorney's testimony was to the effect that in many cases preliminary hearings are important but that in his judgment it would have been of no particular aid in this case and that it was his judgment, decision and advice to his client to waive the preliminary hearing. From the evidence presented, the Court finds that it was a voluntary waiver, based on the advice of competent counsel, with no coercion involved.

"In regard to the alleged unequal sentence imposed on Petitioner as compared to the sentences imposed on his Co-Defendants; this is somewhat of a novel theory and a novel interpretation of the meaning of due process and equal protection of the law. One of Petitioner's Co-Defendants pled guilty and received a three-year sentence, and the other pled guilty, turned State's evidence, and received a three-year sentence and probation. His probation was subsequently revoked. Although not exactly in point from a factual situation, the recent case of Bridges v. State, 48 Ala.App. 249, 263 So.2d 705 was affirmed as opposed to the Appellant's contention, which was similar to Petitioner's. He was tried as an aider and abettor to the offense of robbery and received a sentence of ten years. The principal was allowed to plead guilty to a lesser charge, assault with intent to rob, and received a sentence of five years. The case was affirmed.

"It would be ridiculous to state that courts do not give some consideration toward leniency of sentence to those defendants who acknowledge their guilt and so plead. Such seems to be generally universal. The Court finds no discrimination in the imposition of the sentences thus imposed and as acknowledged herein.

"The Petitioner having been afforded a full and complete evidentiary hearing, and the Court having found no error nor valid grounds to set aside nor alter the verdict of the jury and sentence heretofore imposed upon Petitioner:

"It is, Therefore, ORDERED, ADJUDGED and DECREED as follows: "(1) That the Petition for Writ of Error Coram Nobis be, and the same is, hereby denied and dismissed;

"(2) That the Petitioner, having been released from and returned to the Federal penal authorities, shall so remain until such time as he is surrendered to the penal authorities of the State of Alabama to commence serving the sentence of this Court.

"(3) That the Clerk of this Court forthwith forward a copy of this order to the Petitioner, his attorney of record in this cause, and to the District Attorney.

"DONE, this the 7th day of December, 1972.

"/s/ William C. Sullivan
Circuit Judge"

A man brooding in the penitentiary is prone to blame someone (never himself) for his unfortunate plight. The most common gripe is that of ineffective assistance of counsel. Williams was caught "red handed" with the safe protruding from the trunk of his own automobile. His trial counsel was of his own choosing. He is a widely known and successful trial advocate in the criminal field. He left no stone unturned in behalf of his client. Only a miracle could have "sprung" this man. No court in the land expects lawyers to work miracles and defendants should not expect more than the courts require. The measure of supremacy in the trial arena does not turn on whether "you won or lost, but how you played the game." Trial counsel demonstrated marked skill, ingenuity, re-

sourcefulness and complete competency in the handling of this case both at trial and appellate levels. He cannot be faulted for his decision and advice to waive the preliminary hearing. His decision was a part of trial strategy and, in this case, a wise one. He had control of the law suit. Butler v. State, 279 Ala. 311, 184 So.2d 823; Echols v. State, 276 Ala. 489, 164 So.2d 486; Peaden v. State, 275 Ala. 72, 152 So.2d 136.

■ There is not the slightest evidence in the record before us that lends support to any of the claimed errors made in this coram nobis proceeding and the findings and judgment of the trial court is due to be affirmed. Edwards v. State, 274 Ala. 569, 150 So.2d 710.

Affirmed.

All the Judges concur.