JOSEPH J. MULLINS, Retired Circuit Judge.
The appellant, John White, was convicted for unlawfully selling phencyclidine, a controlled substance, and sentenced to five years imprisonment, and assessed a fine of one thousand dollars, and placed on probation for five years, and he appeals to this Court.
This appeal was submitted on briefs. The appellant was represented by counsel of his choice at all proceedings in the trial court, and is so represented in this Court.
Appellant contends in his brief that his conviction should be reversed because the trial court erred: by allowing the admission into evidence of state’s exhibit number 1 over appellant’s objection that state had failed to affirmatively prove the chain of custody; by overruling appellant’s motion for a mistrial on the grounds of prosecutor’s highly prejudicial comments about appellant’s counsel; due to the cumulative effect of prosecutor’s prejudicial comments during his closing remarks; the court’s refusal to give appellant’s written, requested jury instruction number 5.
State’s evidence tended to prove that state’s witness, Officer Beard, was employed by the Mobile County Sheriff’s Department Of Narcotics Division as an undercover agent; that basically her duty was to buy drugs from persons off the street; that she knows the appellant, John White; that on April 20,1977 she went to the home of the appellant in Mobile County, Alabama, and asked him if he had anything for sale and he said he had some phencyclidine, known as TAC, and angel dust, and tea; that at the time she went to the home of the appellant she did not have any controlled substances on her, or anything, other than the money she had with her; that she paid the appellant the money for the phen-cyclidine, and the appellant gave her a substance in clear cellophane; that state’s exhibit 1 appears to be the paper that she made the buy in; that the substance she bought from the appellant is in the same condition now as when she bought it from appellant and when she turned it over to Deputy Richard White.
State’s evidence further tended to prove that on April 20, 1977 state’s witness, Officer Richard White, was employed as a deputy sheriff for Mobile County; that he and Officer Beard were working together; that he received the substance contained in state’s exhibit 1 from Officer Beard, put it in an envelope, and kept it in his possession for about ten or fifteen minutes and turned it over to Dr. Sennett; that it was in the same condition when he turned it over to Dr. Sennett as it was when he received it from Officer Beard. On cross-examination Officer Richard White testified that he does not have any idea whether state’s exhibit 1 is what Officer Beard gave to him or not.
State’s evidence further tended to prove that state’s witness, Dr. Sennett, an employee of the State Department Of Toxicology And Criminal Investigation, was a qualified drug analyst; that state’s exhibit number 1 was received by Dr. Sennett from Deputy Sheriff Richard White, and Dr. Sennett put it in that envelope and sealed it; that witness removed the seal and analyzed the contents of the envelope and the test revealed the presence of phencyclidine, a controlled substance; that the contents of the envelope were placed back in the envelope and resealed by Dr. Sennett. The record shows that state’s exhibit 1 was then offered in evidence by the state, and the appellant objected to its admission on the grounds that proper chain of evidence has not been established. The court overruled appellant’s objection and state’s exhibit number 1 was admitted in evidence.
We hold that the evidence in this record is sufficient to warrant the reception of state’s exhibit 1 in evidence against the objection that an unbroken chain of possession has not been shown. It is not neces *1163 sary that it be proved to an absolute certainty, but only to a reasonable probability, that the substance was the same as bought from appellant by Officer Beard, and not substantially different from the substance as it existed at the time she received it from appellant. Dennison v. State, 259 Ala. 424, 66 So.2d 552; Pitts v. State, 291 Ala. 136, 279 So.2d 119; Blakey v. State, Ala.Cr. App., 344 So.2d 812.
Appellant’s contention that the trial court erred in overruling his motion for a mistrial because of the prosecutor’s highly prejudicial comments on appellant’s attorney is based on the following comment made by the prosecutor during his closing argument. We quote from the record:
“MR. NEWMAN: After twenty-six years I hope something comes out of that. He’s certainly paid enough.”
Whereupon the jury was excused. Out of the presence of the jury appellant made a motion for a mistrial on the grounds that the prosecutor made improper argument to the jury, and it’s improper and cannot be corrected. The court overruled appellant’s motion for a mistrial, and the appellant excepted to the court’s ruling. Whereupon the jury returned to the jury box and the following took place in the presence of the jury:
“THE COURT: All right. Ladies and gentlemen of the jury, I’m going to ask you to disregard any statement made by Mr. Newman concerning, I hate to even repeat the substance, but I have to I suppose. Any income he may or may not make because there’s no evidence of that and even if there were it would be immaterial. I don’t know how to erase it from your mind anymore than to ask Mr. Newman to now state what he’s going to state.
“MR. NEWMAN: It was not the best thing to say. I apologize to the members of this Jury. It slipped out in the heat of argument, and I certainly hope you don’t hold it against me or the State of Alabama or Mr. Haas or his client. And, again, I hope you can take that out of your mind. And it just slipped out. It’s one of those things in the heat of combat that just comes out and I apologize to each and every one of ya’ll individually and as a collected body.
“THE COURT: If there’s any member of the Jury who feels that he or she cannot exclude that from his mind it’s best to get this case over with right now, because it is not anything for you to consider in any way whatsoever. Is there anyone who feels like he can’t get it out of his head? All right. Let’s proceed.
“(Whereupon, Mr. Newman continued his closing statements to the Jury.)”
In its oral charge to the jury the court further charged the jury:
“Now, there were several times when I asked you to disregard things that were said because they were prejudicial or erroneous and it is your duty to follow that instruction and disregard those things I told you to disregard.”
Appellant also objected to the following statements made by state’s counsel during his argument to the jury: 1. “In fact, I know she wasn’t home;” 2. “We don’t want anybody in the penitentiary that’s not guilty, but we want the guilty in the penitentiary where they belong so they won’t be selling drugs to your family to members of your family, members of your community;” 3. “Ladies and gentlemen, I’m not asking you to convict an innocent man. That’s not my job. I’m asking you to put this man in the penitentiary because he’s not innocent.” The trial court sustained appellant’s objections to all of the foregoing statements made by state’s counsel and instructed the jury to disregard them.
We consider appellant’s second and third contention together. The record in this case is clear to the fact that on each occasion the trial court immediately sustained appellant’s objections to the improper remarks of state’s counsel to the jury during his argument, and instructed the jury not to consider the counsel’s remarks, that they were improper and are not evidence to be considered by, or influence the jury’s decision.
*1164 We have considered the manner in which each statement was made, the type of the remarks, the manner of the objections, and the promptness and manner of the trial court’s charge to the jury with reference to the statements at the time they were made, and in his oral charge to the jury, and the fact that only short fragments of counsel’s statements to the jury appear in the record, and are of the opinion that the ruling of the trial judge, who had all the facts concerning the oral arguments of counsel for the state and for the appellant before him at the time, should not be overturned by this Court for denying appellant’s motion for a mistrial due to improper remarks by state’s counsel. Troup v. State, 32 Ala.App. 309, 26 So.2d 611; Bell v. State, 227 Ala. 254, 149 So. 687; Pilley v. State, 247 Ala. 523, 25 So.2d 57; Cobb v. State, 248 Ala. 548, 28 So.2d 713.
We have carefully considered appellant’s refused, written charge number 5, all of appellant’s given written charges, and the court’s oral charge to the jury. It is our opinion that appellant’s refused, written requested charge number 5 was fully and amply covered by other appellant’s given, written charges, or by the court’s oral charge. We hold that the trial court did not err in refusing to give appellant’s written charge number 5. Sec. 12-16-13, Code of Ala., 1975; Dillard v. State, Ala., 371 So.2d 947; on remand, Dillard v. State, Ala.Cr.App., 371 So.2d 948.
As provided by Alabama Code, 1975, Title 12-22-240, we have searched the record for any other errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concurred.