[Huskey v. The State.]

# Huskey *v*. The State.

*Indictment for Grand Larceny.*

1. *Trial and its incidents; application for continuance on account of absent witness; when not revisable.*—An application for a continuance in a criminal case on account of absent witnesses, is addressed to the discretion of the trial court, and its refusal is not revisable on appeal, unless it is plainly shown that there was an abuse of such discretion by the trial court.

2. *Same; same; when continuance properly disallowed.*—Where an application for a continuance is made by the defendant in a criminal case on account of the absence of some of his witnesses, and the State limits the showing made by the defendant as to what the absent witnesses would testify, if present, and there are disclosed no facts which show that the absence of the witnesses is prejudicial to the defendant, the refusal of the application for a continuance is not erroneous.

3. *Same; witnesses put under the rule; exercise of discretion by the court not revisable.*—Where the rule for the exclusion of witnesses from the court room is invoked, it is within the sound discretion of the court to allow any one of the witnesses to remain in the court room during the examination of the others; and the exercise of this discretion is not reviewable on appeal.

4. *Same; argument of counsel; right of court to limit argument.* The constitutional guaranty that in criminal prosecutions "the accused has the right to be heard by himself and counsel, or either," is not infringed by the court exercising the power to regulate his right of argument by reasonable rules and limitation; and in case where the evidence is not voluminous and intricate, and the law is plain, a limitation of the argument of counsel for defendant to one hour and a half is not an unreasonable exercise of the discretion of the court and constitutes no error.

5. *Larceny; competency of evidence as to existence of a warrant without producing it.*—On a trial under an indictment for larceny, where a witness who was shown to be a constable and to have been charged with the duty of arresting the defendant testified that he went to a designated place to look

[Huskey v. The State.]

for and arrest the defendant and that he made inquiries for him, the further statement by such witness that he had a warrant for the defendant is not competent and subject to be excluded on the ground that the warrant itself was the best evidence.

6.  *Charge of court to jury; properly refused when giving undue prominence to part of the evidence.*—A charge requested by the defendant in a criminal case, which singles out and gives special prominence to a part of the evidence is properly re-refused.

7.  *Larceny; conspiracy; charge of court to jury.*—On a trial under an indictment for larceny of a cow, where there is evidence tending to show a conspiracy between the defendant and another person to steal and dispose of the cow, a charge which ignores this tendency of the evidence and predicates the defendant's right of acquittal upon the fact that the cow was taken and disposed of by such other person is erroneous and properly refused.

8.  *Same; same; same.*—In such a case, a charge which instructs the jury that if they have "a reasonable doubt as to whether this defendant or" the other person who the evidence tends to show conspired with the defendant to steal and dispose of the cow "took the cow with the intent to steal it, then it is your duty to acquit the defendant" is erroneous and properly refused.

9.  *Same; same; same.*—In such a case, a charge which instructs the jury that if they "believe from the evidence that the defendant had a good reason to believe that the cow was the property of Watson" between whom and the defendant there was evidence tending to show there was a conspiracy to steal and dispose of the cow "their verdict should be for the defendant," is erroneous and properly refused.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. E. B. ALMON.

The appellant was indicted, tried and convicted for the larceny of a cow, the personal property of Lucy Burns, and was sentenced to the penitentiary for five years.

When the case was called for trial the bill of exceptions recited that "defendant moved the court to grant him a continuance of the cause on the grounds that three of his witnesses were absent and unable to attend the court, viz. : E. P. Huskey, John Huskey and J. P. Stanfield; defendant proved by the clerk that

the witnesses had been duly summoned and offered to prove that they were sick in bed and unable to attend court. The court refused to grant the continuance, and put the State upon a written admission of what the defendant expected to prove by the absent witnesses and forced the defendant into a trial of the case; to· this ruling and action of the court the defendant duly excepted." After the witnesses were sworn, the defendant moved the court to put the witnesses under the rule by excluding them from the court room during the examination of the witnesses. The court refused to put one Sam Alexander, a witness sworn on behalf of the State, under the rule, and against the objection and exception of the defendant permitted the said witness, Sam Alexander, "to remain in the court room to hear the other witnesses testifying in the case and to aid the solicitor in the prosecution."

Lucy Burns, a witness for the State, testified that she owned the cow described in the indictment and that said cow had been taken from her without her consent, and that she never authorized any one to dispose of the cow.

The State then introduced the testimony of several witnesses which tended to show that the defendant and one William Watson were seen driving along the public road two cows, one of which was a cow owned by Lucy Burns; that they drove the cows near the store of Sam Alexander and defendant went to said store and offered to sell both the cows to said Alexander; that Alexander purchased the cows and paid the defendant $20 for them; and there was other evidence for the State tending to show that after the sale of the cows the defendant left the neighborhood in which he was living.

The evidence for the defendant tended to show that one of the cows which he sold to Alexander belonged to his mother, and that when he was preparing to take the cow to market for sale, Reuben Watson came to him and said that he had bought a cow from Lucy Burns, and he wished to go with him, the defendant, when he carried his mother's cow to market for sale. The defendant consented and he and Watson drove the

cow belonging to defendant's mother and the cow which Watson said he purchased from Lucy Burns, near the store of Alexander, and while Watson watched the cows the defendant made the sale of them to Alexander and delivered them to him. That the defendant had no interest in the cow which Reuben Watson said he purchased from Lucy Burns and which was the cow described in the indictment, and after the sale he paid Reuben Watson $5, which they agreed among themselves was the price at which the cow was to be sold.

The defendant introduced in evidence the showings of the absent witnesses, which were admitted by the State, and those showings tended to corroborate the testimony of the other witnesses who had testified in the case.

During the examination of one Will Thomas, a witness for the State, he testified that he was a constable in the beat where the defendant lived, and that after the sale of the cow in question, he, witness, "made a search for him and could not find him; that he inquired for defendant; that he had a warrant for defendant." The defendant objected to the statement of the witness that he had a warrant for the defendant, because the warrant was the best evidence of such fact. The court overruled this objection. To this ruling the defendant duly excepted.

The bill of exceptions recites that after the introduction of all the evidence in the case "the court announced that he would limit the argument of the counsel to one hour for the State and one hour and thirty minutes for defendant; defendant objected to this, stated to the court that there were two attorneys to argue the case for the defense and that one hour and a half was not sufficient time for them to present the case to the jury. The court refused to allow the defendant's attorneys more than one hour and a half for the argument of the case for the defendant, and the defendant duly excepted."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked:

(1.) "If the jury believe from the evidence that defendant had never seen the cow until the day before he and Watson drove it to Price Station, and that Reuben Watson told the defendant that it was his cow, that he had bought it from Lucy Burns, and that said Watson got the proceeds of the sale of the cow, then I charge you that your verdict should be for the defendant." (2.) "If the jury have a reasonable doubt as to whether this defendant or Reuben Watson took the cow with the intent to steal it, then it is your duty to acquit the defendant." (3.) "If the jury believe from the evidence that Watson was interested in the sale of the cow and received the money from the sale they should look to this as evidence of the defendant's belief that Watson was the owner of the cow, and that the defendant acted without felonious intent." (4.) "If the jury believe from the evidence that the defendant had a good reason to believe that the cow was the property of Watson your verdict should be for the defendant."

KIRK & RATHER, for appellant, cited *Beckham v. State*, 100 Ala. 15; *Boynston v. State*, 77 Ala. 29; *Griggs v. State*, 58 Ala. 425; *Barnes v. State*, 103 Ala. 45; *Randle v. State*, 49 Ala. 14; *Newsom v. State*, 107 Ala. 133; *McMillan v. State*, 53 Ala. 531.

CHARLES G. BROWN, Attorney-General, for the State. There was no abuse of the discretion of the court in refusing a continuance in the case. The defendant had the benefit of the testimony of the absent witnesses. *Kilgore v. State*, 124 Ala. 24.

The matter of putting witnesses under the rule rests with the wise discretion of the court and is not revisable on appeal. —*McClellan v. State*, 117 Ala. 145 and authorities cited.

There was no abuse of the discretion of the court in limiting the argument of counsel to one hour and a half on each side.—*Yeldell v. State*, 100 Ala. 26.

The charges requested by the defendant were properly refused.—*Cox v. State*, 99 Ala. 192; *Walker v. State*, 117 Ala. 44; *Frost v. State*, 27 S. R. 550; *Crawford v. State*, 112 Ala. 1.

[Huskey v. The State.]

HARALSON, J.—A continuance of a cause is generally addressed to the judicial discretion of the court, and is of a class not revised by a superior court, unless a plain case of the abuse of such discretion has been presented.—*Walker v. The State*, 117 Ala.85.

In this case, the defendant proved that three of his witnesses, whose names were given, had been duly summoned; and he offered to prove that they were sick in bed and unable to attend court. On these grounds he moved the court for a continuance of the cause, which the court refused to grant, but put the State upon a written admission of what the defendant expected to prove by the absent witnesses, to which action of the court, the defendant excepted. It was not offered to be shown by the defendant what these witnesses would swear if present, and that their evidence was material, nor that their evidence was not merely cumulative of what other witnesses would prove, and such facts as would show that their absence would be prejudicial to him. The court required the State to admit the showing of what these three witnesses would prove, as a condition of its going to trial, which showing was made, presumably, quite as favorable to the defendant as it could consistently be made. Their evidence, as appears in the course of the trial, was cumulative of that of other witnesses. Without more than what here appears, there does not seem to have been an abuse of the court's discretion in the matter, and an invasion of the defendant's constitutional right, "to have compulsory process for obtaining witnesses in his favor."—*Walker's case, supra; Davis v. The State,* 92 Ala. 20; *Kilgore v. The State,* 124 Ala. 24; *White v. The State,* 86 Ala. 69; *Childress v. The State, Ib.* 77; *DeArman v. The State,* 7 Ala. 10; *Terry v. The State,* 120 Ala. 286; *Martin v. The State,* 126 Ala. 64.

There was no error in the action of the court in allowing the witness, Alexander, to remain in the court room during the trial, other witnesses having been excluded under the rule. That was a matter resting within the discretion of the court, not reviewable on appeal.

There was no error in the action of the court in limiting the agument of counsel for defendant in the cause, to one and a half hours. The State's counsel was limited to an hour. From anything appearing, this was ample time for defendant's counsel to fully present to the jury their client's cause. The evidence was not voluminous, nor intricate, and the law of the case was plain.—*Yeldell v. The State,* 100 Ala. 26.

The witness, Will Thompson, testified that he went to a designated place to look for and arrest the defendant; that he made inquiry for him, stating that he had a warrant for him. A refusal to exclude this latter statement on the ground that the warrant itself was the best evidence, was proper. It related to a merely collateral matter.—*Griffin v. The State, ante,* p. 92.

Refused charge 1 for defendant, singles out and gives special importance to a part of the evidence. Furthermore, the charge ignores the evidence tending to show a conspiracy between the defendant and said Reuben Watson,—the party referred to in the charge,—to steal and dispose of the cow.—*Frost v. The State,* 124 Ala. 71.

The refusal to give charge No. 2 was without error. The jury might have had a reasonable doubt, as to which one,—defendant or Watson,—actually took the cow, and yet have believed beyond reasonable doubt that they conspired together to steal her, and that both were guilty, which conspiracy the evidence tended to show, and the charge ignores. Charge 3 is so manifestly faulty as to require no consideration.

Charge 4 was an improper instruction. It pretermits the fact that defendant in fact believed the heifer was the property of Watson. The jury might have thought that defendant had some good reason for believing that the cow was Watson's, and yet they might have been convinced beyond reasonable doubt that he did not so believe, and really, knew that it was not his property.

No error appearing, the judgment and sentence of the court must be affirmed.

Affirmed.