JANVIER, Judge.
The Lincoln Cosmopolitan sedan of plaintiff, Edgar R. Dumont, having sustained damage as a result of a collision with another automobile owned and driven by defendant, Jesse R. Henserling, Dumont brought this suit against Henserling, seeking judgment for $427.04, the amount expended for repairing the car, and alleging that the accident had resulted solely from fault on the part of Henserling.
Henserling filed an exception of no cause or right of action and a plea of prescription of one year, and an answer in which he denied that he had been at fault in any way, except that he admitted that he was proceeding in the wrong direction on a one-way street. Pie especially averred that the operator of the Dumont car had been at fault “in exceeding the lawful speed limit of fifteen miles per hour,” * * * in “not having his car under control * * *in that he “failed to have a proper lookout,” and in that he “saw, or should have seen” the defendant’s car which “had preempted the intersection,” and in that he failed “to have exercised that degree of caution which was expected of a reasonably prudent person % ‡ ‡ ff
From a judgment in favor of plaintiff as prayed for, defendant has appealed.
The petition obviously states a cause of action and a right of action in plaintiff, and the exceptions were properly overruled.
*865 As to tHe plea of prescription of one year, we note that the damage was sustained on February 17, 1950, and that the suit was filed on February 16, 1951, although the citation was not served until February 20. The plea of prescription was properly overruled. It is only necessary to direct attention to Act No. 39 of 1932, LSA-R.S. 9:-5801, which provides that:
“ * * * the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The fact that citation was not issued until February 19 and was not served until the 20th is of no importance as the result of Act No. 39 of 1932. Prior to the enact- . ment of that statute actual service of citation was necessary to interrupt prescription. 14 T.L.R. 601 “Interruption of Prescription by Judicial Action in Louisiana.”
The accident occurred at about eleven o’clock on the morning of February 17, 1950, at the corner of Robert and Baronne Streets, in New Orleans. The car of plaintiff, which was being operated by his chauffeur, Vories S. Walker, was on its way up Baronne Street which, under the appropriate city ordinance (#13,702 C.C. S.) is a one-way street, vehicular traffic being permitted to operate only in an uptown direction, which was the direction in which plaintiff’s car was going. Defendant’s car, operated by himself, was on Robert Street going in the direction away from the Mississippi River. Robert Street, in that area, is a one-way street under the same traffic ordinance, vehicular traffic being permitted to operate only in the direction-towards the Mississippi River, so that defendant was admittedly operating his car in the wrong direction on that street.
Other than the two drivers, there were no eye-witnesses to the occurrence. Walker, the operator of the Dumont car, says that as he approached the corner of Robert Street at a speed of between 15 and 20 miles an hour, he knew that Robert Street was a one-way street and therefore vehicles could not legally approach the intersection except from his right, so he looked carefully to the right, and, after making sure that there was no traffic approaching from that direction, he glanced to his left where his view had been partially obstructed by a hedge which was about five feet high, and he then for the first time noticed the Henserling car coming out from the wrong direction at a speed of between 30 and 35 miles an hour. He says that at that time the cars were about eleven feet apart and that he swerved to the right and applied the brakes, but that the collision could not be avoided.
Defendant, Henserling, says that when he entered Robert Street at St. Charles Avenue, he did not know that it was a one-way street and that he did not know that he was going in the wrong direction; that he particularly noticed that parked vehicles on that street were parked in the direction in which he was going. He admits, however, that before he reached the intersection of Baronne Street, a pedestrian called out to him that he “was on a one-way street.” He then added:
“I eased up to Baronne, looking both ways to try to get off to correct my mistake. * * * ”
And he said that he “didn’t see any traffic, coming either way.”
It is apparent that Henserling did not look carefully down Baronne Street as he should have done. The Dumont car was on that street only a short distance away, and he could not have failed to see it had he really looked.
'Counsel for defendant argue at length that, even if defendant was at 'fault, plaintiff’s chauffeur was guilty of contributory negligence in operating the car into a “blind” intersection at excessive speed.
There is not a syllable in the record which, to any extent at all, indicates that plaintiff’s chauffeur was in any way guilty of negligence. His speed was not excessive. The corner to his right from which it might have been anticipated that traffic might be approaching was not a blind one. On the other hand, the corner to the right of defendant was a blind corner according to his own testimony and *866 yet he approached it at considerable speed, going in the wrong direction, and did not make certain that no traffic was approaching on Baronne Street. He was entirely and solely at fault, and we see no necessity of discussing the evidence further.
There is a stipulation in the record to the effect that the repair estimate produced by Mr. Dumont “shows the damage to the plaintiff’s car that was caused in this accident.”
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.