213 So.2d 229

**William A. HITE**

v.

**STATE of Alabama.**

**3 Div. 356.**

Supreme Court of Alabama.

July 25, 1968.

Barry C. Leavell, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

MERRILL, Justice.

This appeal is from a judgment dismissing appellant's petition for writ of error coram nobis in the circuit court for want of prosecution after appellant refused to testify in support of his petition.

The petitioner stated that he was given a life sentence for carnal knowledge of a girl under twelve years of age while a convict, and alleged that he was threatened, beaten and coerced into making a confession; that he was denied an attorney; that he was taken to trial in prison clothes; that he was denied medical attention; and that the judge who presided at his trial held both the office of judge and jury commissioner, contrary to law.

An attorney was appointed to represent appellant and was present and participated in the hearing when the petition was dismissed. The attorney asked for a continuance on the ground that all the witnesses were not present. The only witnesses absent except Judge Carter were expected to testify that appellant was wearing blue, instead of white, clothes when the offense was committed. This was not an

.issue on the coram nobis hearing.· The District Attorney stated that he would admit that Judge Carter was both judge and a member of the jury commission and that that legal question had already been tried and determined. The trial court denied the motion for continuance. The witnesses were sworn and the following occurred.

"THE PETITIONER: Your Honor, I would like it on the record that the Petitioner is being held under protest.

"THE COURT: All right, being held under protest. All right. Now, any opening statements? If not, call the first witness for the Petitioner.

"MR. CAMERON: It already appears in the record and I will state once again that it is my desire as attorney for the Petitioner to put him on the stand and let him attempt to prove his Petition, and if he refuses to do that, then, Your Honor, I have no further case to present to the Court.

"THE COURT: Does the Petitioner wish to take the witness stand?

"THE PETITIONER: Not without my witnesses present. No, sir. All of them.

"THE COURT: Does the Petitioner wish to present any evidence?

· "THE PETITIONER: All of my evidence is gone without my witnesses.

"MR. GOODWYN: Your Honor, we move to strike the Petition for· Writ of Error Coram Nobis.

"THE COURT: The Petition for Writ of Error Coram Nobis is hereby dismissed for want of prosecution."

No witness was shown to be absent who could testify to any of the matters alleged in the petition. Some matters, if true, were known better by petitioner than anyone else. His refusal to take the stand and go forward with his case amounted to a refusal to prosecute his petition and the trial court correctly dismissed it for want of prosecution.

One of the grounds justifying a continuance is that "the expected evidence must be material and competent." Knowles v. Blue, 209 Ala. 27, 95 So. 481. It was not shown that any absent witness could give either material or competent testimony on the issues involved. A continuance because of the absence of a witness is properly refused where the testimony sought is not material. House v. State, 139 Ala. 132, .36 So. 732. Also, the matter of continuance in a criminal case is addressed to the trial court's sound discretion, the exercise of which will not be disturbed unless clearly abused. Peaden v. State, 275 Ala. 72, 152 So.2d 136, cert. den. 375 U.S. 854, 84 S.Ct. 114, 11 L.Ed.2d 80. We find no abuse of discretion.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and KOHN, JJ., concur.