**People of the State of Illinois, Plaintiff-Appellee, v. Willie C. Poe, Defendant-Appellant.**

Gen. No. 52,181.

First District, Second Division.

April 8, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (George C. Rantis and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

Willie C. Poe was found guilty, after a bench trial, of the charges of burglary, deviate sexual assault, and attempt rape. Judgment was entered upon the finding and he was sentenced to a term of not less than three, nor more than eight years in the penitentiary. Defendant appeals to this court on the grounds: (a) that the State did not prove him guilty beyond a reasonable doubt; (b) that the prosecutrix consented to the act of cunnilingus and therefore no offense of deviate sexual assault was committed; (c) that the evidence was insufficient to establish the offense of attempt rape.

Mrs. Herman Gibson, prosecutrix herein testified that she was awakened at 5:30 a. m. on the morning of October 11, 1966, by the presence of an intruder in the bedroom which she shared with her husband. She awakened her husband and informed him of the presence of the intruder. Mr. Gibson prepared to get out of bed in the darkened room when the beam from a flashlight was turned into his eyes and he was told, "Lay down — — or I will kill all of you." The intruder then ordered Mrs. Gibson to tie her husband's hands with a belt, which she did. He then instructed Mr. Gibson to engage in intercourse with his wife so that he, the intruder, might watch. Mr. Gibson's efforts failing, his feet were then bound with a sheet by Mrs. Gibson, at the direction of the intruder.

Again on command of the intruder, Mrs. Gibson slid to the edge of the bed and removed her nightgown from her privates and the intruder performed an act of cunnilingus upon her. Mrs. Gibson testified that after

the intruder had finished the act of cunnilingus he rose and attempted to mount her, at which time she was able to ascertain that he was armed only with a screwdriver, as it struck against the flashlight when he moved. Upon this realization she vaulted out of bed, turned on the light, and informed her husband, who had by this time freed his hands, that her assailant had no gun. The assailant fled the room and out the back door followed by Mrs. Gibson and, after he had freed his feet, by Mr. Gibson. The prosecutrix further testified that she followed the assailant only to the bannister of the back stairs, but recognized him as the defendant, Willie C. Poe (who had attempted to date her and to whom she was related by marriage), at the time she turned on the light in the bedroom.

Mr. Gibson testified that after he freed himself he pursued the assailant down the stairs and down the street and that before the assailant eluded him and while he was under a streetlight he also recognized the assailant to be Willie C. Poe. He further testified that he later discovered that three dollars had been removed from his wallet.

Alberta Ciardi, defendant's landlady, was called on his behalf and she testified that defendant rents one room of her apartment, a bedroom; that she is home most of the time, is a light sleeper and did not think it possible for anyone to enter or leave her apartment without her hearing them; that she can hear a key being inserted into the lock on the door to defendant's room when he returns. She further testified that she heard defendant come home after work on the afternoon of October 10, 1966; that he took a bath and retired; that she did not hear him leave until between 6:15 and 6:45 on the morning of October 11, 1966. Her testimony further established that defendant's room had an outside entrance so that he did not have to pass through any portion of the apartment which she occupied in order to enter or leave.

298

She did not see the defendant leave his room on the morning of October 11.

The defendant took the stand on his own behalf and denied having ever been in the Gibson's apartment. He also denied commission of the acts constituting the offense and affirmatively asserted that after returning to his room at approximately 4:30 p. m. on October 10, he bathed and retired and did not leave his room at Mrs. Ciardi's until 6:15 a. m. on October 11, when he left for work. He also testified as to certain physical ailments which would render it impossible for him to have run as the assailant had, as described in the testimony of the prosecutrix and her husband. No expert medical testimony was presented with respect to these ailments.

 Defendant's first contention, that he was not proven guilty beyond a reasonable doubt, is couched in terms of probabilities, or rather improbabilities, with respect to the events of that morning as related by the prosecutrix and her husband. This argument is one which goes to the credibility of those witnesses. As was stated in the case of People v. White, 63 Ill App2d 105, 211 NE 2d 9 (1965) at page 112:

> The trial court, as it properly could, believed the testimony of certain witnesses and disbelieved the testimony of others. In a bench trial no citation of authority is needed to support the rule that the credibility of the witnesses is solely a question for the trial court and will not lightly be disturbed.

It is apparent that the court below in hearing the witnesses adjudged the credibility of each and after doing so believed the accounts of the prosecutrix and her husband. Their testimony, when believed, is sufficient to establish defendant's guilt beyond a reasonable doubt.

 Defendant's first alternative argument is that no offense of deviate sexual assault was committed since the prosecutrix consented to the act of cunnilingus. He cites the committee comments to section 11–3 of chapter 38 of

**299**

Ill Rev Stats, the section creating the offense of deviate sexual assault, wherein it is stated:

> In describing the Criminal Act, the section uses the term "by force or threat of force, compels . . . ." Since this section is on the whole unique, there is no traditional terminology on which to rely, as there is in rape. . . . The phrase used in section 11–3 is intended to state generally the equivalent of the force requirement in rape.

The defendant does not argue that the use or threat of force was not shown, but that it was not such force or threat thereof which was the basis upon which the prosecutrix became involved in the act. Thus, defendant's argument is one of consent to the act. The rule with respect to consent is that the victim must resist where she has the use of her faculties and physical powers, but useless or foolhardy acts, as where she is overcome by superior force, fear, or where resistance would endanger her life are not necessary. People v. Smith, 32 Ill2d 88, 203 NE2d 879 (1965). Here there was evidence that the lives of the prosecutrix and her husband were threatened by the assailant to compel the husband's compliance with his demands, and it was reasonable for the prosecutrix, under this state of facts, to believe that such threat also extended to her. Further supporting a finding that the failure of the prosecutrix to engage in a struggle or some such other defensive tactics as were suggested by the defense both at trial and on appeal did not amount to consent, but was based upon fear, is found from the fact that when she discovered that the assailant was not armed with a gun she vaulted from the bed and turned on the light.

█ Finally defendant contends that there was not sufficient evidence to prove attempt rape. The record shows that the defendant, after having forced the prosecutrix to experience the act of cunnilingus, attempted to mount her. That this act constitutes an essential step

300

toward the commission of the offense of rape cannot be denied. The acts of defendant already having been found to be against the will of the prosecutrix and the threat of force established, he could be, and was, properly found guilty of the offense of attempt.

The judgment must be affirmed.

Judgment affirmed.

BURKE and McCORMICK, JJ., concur.