329 So.2d 646

**Christopher J. DEMOS**

**v.**

**STATE.**

**1 Div. 664.**

Court of Criminal Appeals of Alabama.

March 30, 1976.

Lloyd E. Taylor, Fairhope, for appellant.

William J. Baxley, Atty. Gen., and Ellis
D. Hanan, Asst. Atty. Gen., for the State.

We see no basis for a conclusion, and there is no contention to the contrary by appellant, that it was not well within the province of the jury to find that, notwithstanding the influence of the drug upon him, he knew what he was doing and had the mental capacity to form the intent to kill his wife.

The bases for appellant's insistence on reversal arise out of action of the trial court prior to the commencement of the trial. Appellant's contentions are related to one another but are in three distinct parts:

1. That the trial court should have gone further than it did to determine whether there was reasonable ground to doubt the sanity of defendant for the purpose of trial;

2. That a constitutional right of defendant as to counsel was violated;

3. That the trial court erroneously overruled defendant's motion for a continuance of the trial.

LEIGH M. CLARK, Supernumerary Circuit Judge.

Appellant was convicted of murder in the first degree of his wife.

The evidence is undisputed that he killed his wife with a butcher knife. His stepdaughter, a thirteen-year-old girl, was an eyewitness against him. He pleaded not guilty and not guilty by reason of insanity. There was no evidence of insanity. There was abundant evidence that at the time of the crime he was under the influence of toluene, which he had recently voluntarily inhaled and to which he had become addicted.

■ Our review of the record convinces us that nothing was brought to the attention of the trial judge to cause him to have reasonable ground to doubt the sanity of defendant at the time or during the trial of the case. Defendant's appointed counsel, designated by name by order of the court, and the other, his partner, actively assisting him at times, urged the court to grant defendant's motion for a psychiatric examination of defendant, which was denied. In the course of the efforts of the attorneys for defendant to obtain a psychiatric examination, they made known to the court that there were records in the state of Ohio they would like to have, showing that defendant had received psychiatric treatment there when he was about fifteen years old. Their contention was supported by testimony of defendant's mother. However, none of this testimony was to the effect that defendant had ever manifested any tendencies to insanity other than at

such times as he was inhaling or sniffing the fumes of glue. His mother testified that she talked with a psychiatrist in Ohio and that:

"He said that when he talked with Chris, and Chris was not on glue, that he was a completely different person than when he had been on glue. And his attitude would be different. And he was not able to control himself as he could without glue. And he was a very calm person and a sensitive person."

The mother further testified that defendant had been confined in a mental hospital in Toledo, Ohio. On cross-examination she said:

". . . [T]hat every time he was on glue he was bad or had problems, and that every time he wasn't he was all right.",

that he was normal, "except he was an extra sensitive person and got emotional real easy." She testified that he had been charged with a series of criminal acts (assault and battery, assault with a deadly weapon, child abuse, assault with a knife, and armed robbery) and that on each occasion he was under the influence of glue, that when he was not on glue "he was all right." Upon further interrogation of her by the State, she said that she had records in her possession indicating that the psychiatrist in Ohio who had observed him stated that he "knew the difference between right and wrong" and that he "was able to maintain his own defense in that particular instance."

In our opinion, we do not have here a case wherein there was reasonable ground for doubting the sanity of the defendant at the time of trial or his mental competency to stand trial. Unlike *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, another uxorcide case in which defendant's mother testified for him, there was no substantially irrational behavior attributable to defendant in this case other than while he was under the influence of fumes from glue. He had not obtained any during the period of his confinement, after his arrest the night of the homicide, and according to evidence in addition to that shown above, he was entirely normal. The trial court justifiably concluded that there was no reasonable ground to doubt his sanity or his competency to stand trial.

■ In reliance upon *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, appellant argues that he had "an absolute right to terminate the services of appointed counsel and that the denial by the Court of his request to do so was error." This case bears little resemblance to *Faretta*. At about the conclusion of the pretrial hearing on the question of defendant's competency to stand trial, defendant's counsel made known to the court that defendant had expressed dissatisfaction with his appointed counsel and his partner. Counsel stated that defendant had manifested such dissatisfaction at about the time the hearing commenced and had indicated that he wanted such counsel discharged. His counsel moved or requested or suggested that other counsel be appointed to represent him in lieu of counsel then representing him. The judge overruled the motion but stated that he would continue to consider the motion until the following week when the case was set for trial. He let counsel know that they were to understand that they were "still charged with his defense." As the case was called for trial, further consideration was given to the motion for a discharge of his attorneys and the appointment of other attorneys and a lengthy colloquy took place among the court, the defendant and the attorneys. It then developed that defendant was largely dissatisfied with them because of the fact that they had not been as optimistic about the outcome of the case as he would have liked for them to have been. He said he had talked with his mother and she thought he should go ahead with his court-appointed attorney. He was given some time to consider the matter further. Thereafter the court was advised by his at-

torneys that "he has authorized us to go ahead and assist him and handle the defense for him." Defendant stated that that was his desire. In none of this was there any indication that defendant seriously believed that he would have been better off by his having different counsel or by his representing himself in the case. The competency of his counsel was not questioned. The trial judge stated he took judicial knowledge of their competence. The record and transcript of the proceedings indicate to us that they ably represented him and that he voluntarily and understandingly abandoned his effort to discharge his attorneys and obtain other attorneys. No error was committed as to the question.

■ Defendant moved for a continuance of the case but assigned no ground for a continuance other than the need for more medical information from Ohio relative to defendant's previous psychiatric treatment and the manifested dissatisfaction at one time with his attorneys as stated above. There is nothing to indicate that a continuance of the case would have placed the defendant or his attorneys in any better position to present the case than they were in at the time of the trial. Except for the records from Ohio as to his previous psychiatric treatment, which would have had little, if any, bearing on the issues on the trial of the case, they had the benefit of all the evidence they would ever be able to present in defending the case. It seems to us that defendant and his attorneys were as prepared to defend the case as they would have been if a continuance had been granted. There was no abuse of the discretion reposed in the trial court to grant or refuse a continuance. *Hannon v. State,* 284 Ala. 487, 26 So.2d 90; *Hite v. State,* 282 Ala. 497, 213 So.2d 229; *Pearson v. State,* 41 Ala.App. 366, 133 So.2d 60.

We find no prejudicial error in the record. The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

AFFIRMED.

All the Judges concur.