BOOKOUT, Judge.
Sale of marijuana; sentence: ten years imprisonment.
On April 19, 1976, Deputy Sheriff Alex Smith, an undercover agent for the Lee County Sheriff’s Department, went to the appellant’s residence pursuant to an undercover drug investigation conducted by the Lee County Sheriff’s Department. Smith entered the appellant’s dwelling and told the appellant that he “had come to buy a bag.” The appellant then gave Smith a plastic bag containing a green vegetable substance, later identified as marijuana by the State Department of Toxicology. He received $25.00 from Smith in exchange for the bag of marijuana.
The appellant was indicted for the sale of marijuana on September 21, 1976. On September 27, after determining that the appellant was indigent, the trial court appointed Honorable W. Larry Ray to represent him. By formal arraignment on September 29, the appellant entered a plea of not guilty. On October 12, 1976, when the case was called for trial, the appellant’s attorney made an oral motion that the case be continued. His ground for the motion was that the appellant from September 27 until October 11, 1976, represented to him that he would plead guilty, but the appellant had changed his mind the day before the trial and intended to plead not guilty. As a result of the appellant’s change of mind, witnesses for the appellant had not been subpoenaed. However, the appellant's counsel stated that, as far as he knew, the appellant had no witnesses to call to testify. The court denied the appellant’s motion.
After the jury venire was qualified, but prior to striking a jury, the appellant requested the court appoint another attorney to represent him. The court denied the motion, and the appellant’s attorney thereupon attempted to withdraw from the case. He stated in the judge’s chambers that he could not ethically represent the appellant and advocate a position he believed to be untrue. The court treated the withdrawal as a motion to withdraw, and denied it. The case proceeded to trial, resulting in a conviction.
I
Appellant contends that he was deprived of his constitutional right to have compulsory process for obtaining witnesses in his favor as a result of the trial judge’s refusal to grant a continuance.
The continuance of a criminal prosecution due to the absence of defense witnesses or on the ground that sufficient time was not allowed to locate certain persons, is a matter left to the trial court’s discretion. The exercise of that discretion is revisable only upon a positive showing of clear abuse. Henry v. State, 57 Ala.App. 383, 328 So.2d 634 (1976); Clayton v. State, 45 Ala.App. 127, 226 So.2d 671 (1969); Huskey v. State, 129 Ala. 94, 29 So. 838 (1901). The appellant’s attorney himself stated that there were no known witnesses which the appellant would wish to call; further, any failure to contact witnesses prior to trial was caused by the accused’s role in shortening the time for such preparation by his last minute change of mind as to his plea. Considering the noncomplexity of the case; the admitted non-existence of other witnesses; *648 the absence of likelihood of prejudice; the appellant’s role in causing the lack of preparation time; and the adequate defense presented by appellant’s counsel as revealed by the record, we can find nothing to indicate that the appellant was prejudiced in his defense, nor do we find any abuse of discretion by the trial court below. Sowells v. State, Ala.Cr.App., 339 So.2d 1090 (1976); Demos v. State, 57 Ala.App. 588, 329 So.2d 646 (1976). See: United States v. Uptain, 531 F.2d 1281 (5th Cir. 1976). Without more than appears in the instant record, there was no “. . . invasion of the defendant’s constitutional right ‘to have compulsory process for obtaining witnesses in his favor.’ ” Walker v. State, 117 Ala. 85, 23 So. 670 (1897) (quoted in Huskey, supra, 129 Ala. at 99, 29 So. at 840).
II
Appellant contends also that he was deprived of his Sixth Amendment right to effective counsel by: (1) the trial court’s refusal to allow his attorney to withdraw, and (2) the trial court’s refusal to allow him to obtain other counsel.
In order to show ineffective representation by counsel, the appellant must show that the conduct of the attorney reduced the trial to a farce, sham, or mockery of justice. Johnson v. State, 57 Ala.App. 470, 329 So.2d 160 (1976). There is nothing in the record to indicate that the appellant’s counsel was ineffective, nor that appellant believed his counsel was incompetent, nor that the appellant seriously believed he would be better off by being represented by other counsel. Demos, supra. Though the appellant’s counsel expressed some reservation about representing the appellant under the circumstances, the record of the proceedings indicate that appellant was ably represented at trial by his attorney. We therefore find no error in the ruling of the trial judge in this regard. Also see: Hayes v. State, Ala.Cr.App., 340 So.2d 1142 (1976).
AFFIRMED.
All the Judges concur.