BOWEN, Judge.
The indictment charged that the appellant “against the order of nature, carnally knew Phillip T. Davis”. After having been found guilty by a jury the trial court imposed a sentence of four years’ imprisonment. The appellant is represented by court appointed counsel both at trial and on appeal.
We have considered the evidence in the light most favorable to the verdict as we are required. Scott v. State, 45 Ala.App. 149, 227 So.2d 436, cert. denied, 284 Ala. 733, 227 So.2d 438 (1969); Bass v. State, 55 Ala.App. 88, 313 So.2d 208 (1975). The facts in this case are sufficient to sustain a conviction for sodomy. In August of 1976, the appellant, Kenny Williams,[1] Earnest Bradley, Joey Thompson, and Phillip Davis were incarcerated in the Covington County Jail. Although the evidence presented by the state is confusing as to the degree of actual participation by the appellant in some of the events that occurred, it is clear that he was present in Davis’ cell when Thompson, Williams and Bradley told Davis that they were going to have sex with him and threatened him. Davis’ pants were removed and he was forced to take a shower by and in the presence of the appellant, Williams, Thompson and Bradley. There .was testimony that Thompson had a steel pipe and a broom handle. The four men took Davis back to his cell where Williams had anal intercourse with Davis. Williams stopped after Davis began crying. Then each of the four men forced Davis to commit an act of oral sex. Davis testified that the appellant threatened “to call the rest of them back here and we will take care of you” if Davis did not do as told. Davis testified that the appellant forced Davis to perform oral sex. Ronald Madison, an inmate, also testified to this same fact and reported the incident the next day.
The defense attempted to impeach the credibility of eyewitness Madison by showing that he had given conflicting statements from his trial testimony. Although the appellant admitted that he had an idea of what was going on, he denied any specific knowledge of the assault upon Davis or any sexual contact with him. Additionally the defense attempted to prove that Davis was a homosexual who had actually and voluntarily solicited and engaged in sexual contact with inmates of the Covington County Jail.
I
After the jury venire was sworn and qualified defense counsel requested a continuance on the ground that he had just discovered a witness material to his defense but whom he could not locate.
Defense counsel stated to the trial judge that the witness, Wilbur Blocker, informed him that same morning that he had received a subpoena but that he “didn’t see him (the appellant) do anything with anybody”. Blocker told defense counsel that he was subpoenaed because he knew Phillip Davis, knew that Davis was “one of them” and knew that Davis had been writing love letters to different prisoners in the Coving-ton County Jail. Counsel alleged that Blocker was “released” by the Sheriff immediately prior to trial because there was no subpoena for him. Defense counsel then had a subpoena issued for Blocker which was not served apparently because the witness could not be located. Upon this showing the trial judge denied the request for a continuance.
On appeal it is argued that the facts related to the court by defense counsel were “substantial and indispensable to the defense of the defendant and may very well have shown that the injured party was in actuality a willing participant to the crime or at least in mitigation of the offense by showing that Davis may have reasonably provoked the situation alleged to have occurred”.
*51 Consent of the victim is not a defense in a prosecution for sodomy. La Bryer v. State, 45 Ala.App. 33, 222 So.2d 361, cert. denied, 284 Ala. 732, 222 So.2d 366 (1969); Williams v. State, 57 Ala.App. 158, 326 So.2d 686, cert. denied, 295 Ala. 428, 326 So.2d 692 (1976); Stevens v. State, Ala.Cr.App., 333 So.2d 852, cert. denied, Ala., 333 So.2d 855 (1976); Annotation: 58 A.L.R.3d 636. Sodomy may be committed with the consent of both parties and without compulsion or force. People v. Blagg, 267 Cal.App. 598, 73 Cal.Rptr. 93, appeal after remand, 10 Cal.App.3d 1035, 89 Cal.Rptr. 446 (1970); People v. Poe, 109 Ill.App.2d 295, 248 N.E.2d 715 (1969). Where two persons voluntarily engage in an act of sodomy, both are guilty. Stevens, supra. Thus Blocker’s testimony relating to the homosexuality of Davis is immaterial and not probative of the substantive crime charged since it would not prove performance or nonperformance of the criminal act. People v. Sellers, 103 Cal.App.2d 830, 230 P.2d 398 (1951).
Additionally Blocker’s testimony would have been largely cumulative since three defense witnesses, including the appellant, testified that Davis had requested or attempted to perform homosexual acts upon them. Divine v. State, 279 Ala. 291, 184 So.2d 628 (1966).
A continuance because of an absent witness is properly refused where the testimony sought was not material, Hite v. State, 282 Ala. 497, 213 So.2d 229 (1968), or cumulative in substance. Divine, supra. Therefore the denial of the requested continuance was not error.
II
During the presentation of the state’s case in chief, the District Attorney was permitted, over objection, to bring two individuals into the courtroom and have them identified by Davis, all in the presence of the jury. The two individuals were Thompson and Williams, two of the four individuals Davis testified forced him to commit fellatio. These two men were brought into the courtroom, displayed before the jury, and identified by Davis. They were not questioned and were escorted from the courtroom immediately after the identification was made.
Defense counsel objected to this presentation and display because, to allow it
“would be to create an air of prejudice to the Defendant in the trial of this case, and, also, to create a type of hysteria to fortify or foster the state’s charge that this was a conspiracy and by bringing the different culprits in would be in effect the trying of the Defendant’s case jointly with the other Defendants who are likewise charged with the same offense. And this would be highly prejudicial and not only that, but unusual and unnecessary. Extraneous matter being brought into the trial of this case creates the presumption of prejudice to the right of the Defendant.” (Emphasis added)
Defense counsel’s objection reveals that Thompson and Williams were also charged with the same offense. In this regard the general rule is that
“the presence in the courtroom during trial of other persons under indictment for the same offense, but who are to be tried separately, is within the discretion of the court, and it may refuse such presence, or it may permit or require such a person to be present, such as for purposes of identification, . . . ” 23 C.J.S. Criminal Law § 968, p. 876.
Subject to the discretion of the trial judge, it is within the prosecution’s right to bring the co-conspirators of the accused into the courtroom for identification.
“It was necessary, however, in all cases, that the Commonwealth’s proof should cover the crime in its entirety; the case of one defendant could not be so segregated that the prosecution would be restricted in its offer of evidence to matters directly relating solely to that defendant. The jury was entitled to have a complete picture of the crime, with all attending circumstances. Therefore, when the Commonwealth, in the course of its presentation, brought into court for identification the other persons connected and associated with the defendant, it was *52 clearly Within its right; the district attorney was not limited to merely placing the names of the other defendants on the record.” Commonwealth v. Lawrence, 282 Pa. 128, 131-132, 127 A. 465, 466 (1925).
Even had Thompson and Williams not been indicted for the same offense as the appellant, we think these same principles would be applicable.
While counsel for the appellant argues that the physical appearance of these two individuals, dressed in prison garb, prejudiced the appellant, the record is utterly silent on that ground of objection and gives no indication of how the men were dressed. Therefore it is not before this court for consideration. Lucy v. State, Ala.Cr.App., 340 So.2d 840, cert. denied, Ala., 340 So.2d 847 (1976). Specific grounds of objection waive all grounds not specified, and the trial court will not be put in error on grounds not specified. Oatsvall v. State, 57 Ala.App. 240, 327 So.2d 735, cert. denied, 295 Ala. 414, 327 So.2d 740 (1975).
Ill
The appellant also contends that the trial court erred by admitting into evidence certain “threats” made by the appellant and hearsay statements made by other inmates.
After the assault upon Davis, Madison notified the jailer of what had happened. He was then transferred to a different cell on the floor below the appellant. Madison testified that the appellant “hollered down” and told him that all he had to say “was that the boy was a queer and they would cut him loose”; that Thompson also “hollered down and threatened” him; that the threats were that “they would kill me and my family”; and that the appellant “hollered down there and said, that he had a family and two children to take care of and if I (Madison) messed him up he would get me one day or another”.
The threatening statements made by the appellant to Madison were properly admitted into evidence. Conduct involving the intimidation of a witness reflects consciousness of guilt and is therefore admissible. Brown v. State, Ala.Cr.App., 339 So.2d 125 (1976). They were also admissible as evidencing an attempt by the appellant to suppress or fabricate testimony. Ellis v. State, 46 Ala.App. 289, 241 So.2d 130 (1970); Smith v. State, 183 Ala. 10, 62 So.2d 864 (1913); Montgomery v. State, 17 Ala.App. 469, 86 So. 132, cert. denied, 204 Ala. 389, 85 So. 785 (1921).
The threats made by Thompson to Madison were properly admissible under the conspiracy theory. While not every conspiracy to commit a substantive crime involves and includes as an integral part of the plan an implied agreement or conspiracy aimed at preventing detection and punishment, Krulewitch v. United States, 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949), if the evidence warrants a finding of the accused’s participation in a conspiracy to suppress or fabricate evidence of the crime after its commission, an act or statement of a co-conspirator in the accomplishment of this continuing conspiracy is admissible against the accused. Dailey v. State, 233 Ala. 384, 171 So. 729 (1937). We find that the evidence in this case, though circumstantial, is sufficient to warrant a finding that Thompson’s threats to Madison were made with the appellant’s knowledge or approval. We deem this a reasonable inference from the facts that both the appellant and Thompson were in the same cell block and both men “hollered” the threats from the jail upstairs to Madison and Davis downstairs. Additionally Madison testified that the appellant himself threatened “to get” him if he testified.
Madison also testified that the appellant told him that:
“if I never helped anybody else to help him; all I had to say was, that the boy was a queer and they would cut him loose.”
Relying on Wilson v. State, 31 Ala.App. 560, 19 So.2d 777, reversed, 246 Ala. 129, 19 So.2d 780 (1944), the appellant argues that this statement was an effort to compromise or settle and should not have been admitted against the appellant.
Initially we note that no objection was taken to this testimony and therefore its admission does not constitute re *53 versible error on appeal. However an attempt or offer to compromise a criminal prosecution is not ordinarily admissible against the accused unless an express admission of guilt is made by him in the course of his efforts to effectuate a compromise. See Gamble, McElroy’s Alabama Evidence, 3rd ed., p. 370-1, §§ 188.04(1), (2). Davis testified that the appellant apologized to him one time and on another occasion said to “go light on me”. A consideration of all the statements made by the appellant in this connection makes it apparent that his comments were more than mere offers to compromise; they were in fact threats and admissions of guilt.
IV
In closing argument the prosecutor made some analogy to the rape of a female and the sexual abuse suffered by Davis.
“Maybe a female, sometimes has been raped and she has got to get up there on that stand and tell you all about it.”
% * :fc ifc tji
“Mr. Williams’ (sic) violated the law of Alabama when he forcefully and in conjunction with these other three people raped that young man over there in that County Jail, and he is guilty as charged.”
The appellant objected and maintains that his objection was due to be sustained. The portions of the argument appearing in the record are not objectionable. The common definition of the term rape embraces the concept of unlawful sexual abuse, particularly intercourse, accompanied or accomplished with force and some degree of violence. The victimization of Davis in this case may be properly analogized with rape in general. It is not uncommon to hear of “rape” among the inmates of a male prison population. The connotations of homosexual rape are well understood by the average layman. The tendency to mislead or prejudice the appellant was not presented by the usé of this analogy by the prosecutor in closing argument.
V
The appellant asserts that the trial court erred in refusing to give certain written requested charges. We have carefully reviewed each and every charge and conclude that they were due to be denied and ’refused because they were either affirmative in nature, inapplicable or incorrect statements of law, confusing, or were fully, fairly and substantially covered in the court’s oral charge to the jury. Title 7, Section 273, Code of Alabama 1940, Recompiled 1958.
Counsel for the appellant has assigned thirty-two grounds for reversal of the conviction and judgment of the trial court. We have separately and severally considered and reviewed each asserted ground though we have not written to every one. Those we have not addressed we consider to be either without merit or harmless error. The appellant has been well represented both at trial and on appeal and we commend his court appointed counsel for his sound representation of the appellant on such a despicable and unpopular charge.
The judgment of the trial court is
AFFIRMED.
All Judges concur.

. Kenny Williams is referred to as Williams. Michael Wayne Williams, the appellant, is referred to as the appellant.